Case: 1:14-cv-00872 Document #: 8 Filed: 02/26/14 Page 1 of 12 PageID #:25
EMT

FILED
2/26/2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

14cv872
Judge St. Eve
Mag. Judge Keys

United States District Court
Northern District of Illinois

RECEIVED
FEB X 7 2014
2-7-2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Plaintiff )
Haasan HijraHannaH )
v. )
)
Def Jam Recordings )
Defendant )

# COMPLAINT

Jurisdiction is granted for this civil prosecution from granting any competent U.S. District courts practice of due process.

28.U.S.C.1332 - Diversity of citizenship; Amount in controversy

(A) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of the value of 75,000$ exclusive of interest and costs an is between
   (1) citizens of different states

(C) For purposes of this section and section 1441 of this title
(1) A corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of that state or foreign state where it has its principle place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen.

735 ILCS 5/2-209) ch.110 par. 2-209 section 2-209 Act Submitting to Jurisdiction process.
   (a) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, ~~to jurisdiction of the court and if any individual, his or her personal representative, to the~~ and if any individual, his or her personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts.
      (2) The commission of a tortuous act within this state.
      (10) The acquisition of ownership, possession or control of any asset or thing of value present within this state when ownership, possession or control was acquired.
      (11) The breach of any fiduciary duty within this state;

(C) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois constitution and the Constitution of the United States.

14th Amendment of the United States Constitution

Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherin they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Venue is proper; Cook County for location where complaint status occurred and, Diversity toward Defendant. These actions can provide proper cause hearing for, this courts upholding; Universal declarations of Human Rights, The United States Constitution, Illinois state statues with Negligence and Intellectual Property law.

**Jurisdiction** is granted for this civil prosecution from Federal statues granting any competent United States District courts practice of due process.
(28 U.S.C 1332-Diversity of citizenship; Amount in controversy)
(A)The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of the value of 75,000$ exclusive of interest and costs an is between.
(1) Citizens of different states.
(C)For the purposes of this section and section 1441 of this title
(1)A corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of that state or foreign state where it has its principle place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen.
Plaintiff seeks administrative review of complaint towards an, Diversity Unlimited Civil case.
(735 ILCS 5/2-209) ch.110 par.2-209 section 2-209 Act submitting to Jurisdiction process.
(a)Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and if any individual, his or her personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts.
(2)The commission of a tortuous act within this state
(10)The acquisition of ownership, possession or control of any asset or thing of value present within this state when ownership, possession or control was acquired.
(11)The breach of any fiduciary duty within this state;
(C)A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.
14 Th amendment
Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
**Venue** is proper; Cook County for location where complaint status occurred and, Diversity toward Defendant.
These actions can provide proper cause hearing for, this courts upholding Universal Declaration of Human Rights, The United States Constitution, Illinois state statues with negligence and Intellectual property law.

1. Plaintiff: Haasan H. Hijrahannah, United States citizen, cook county IL, resident.
2. Defendant: Def Jam Recording, United States corporate office, New York county NY, residence.

SUMMARY-
3. Defendant has been publishing, selling or otherwise engaging in unfair trade practices, competition acts against Plaintiff to irreparable damages.
4. Defendants negligent exploitation applicably went toward plaintiff operating to a detriment.
5. Subsequently caused lost income and psychological&physical inflictions.

6. Plaintiff seeks civil procedure for protection and relief with no criminal charges inflicted on said Defendant.

FACTS-

7. Through 2004-2013.

8. Plaintiff has provided original tangible works.

9. Sheet music that has been used in part for, public gain towards Defendants capital financial status.

10. 2005 plaintiff was hospitalized during sophomore year in high-school.

11. Plaintiffs disposition was subsequently diagnosed with a series of bipolar adaptations.

12. Re-enrolling in high school; Plaintiff was left too far behind to, recuperate systematic time for accurate grade level.

13. Adding to the delinquency towards the minor.

14. Plaintiff was released from high-school.

15. Plaintiff had been employed and adequate work was, not found.

16. Causing Plaintiff to register with Illinois state aid programs.

17. Plaintiff indigence from lack of finances, housing and medical expenses.


18. **Count-1** Civil Wrong _Negligence 'Personal Injury tort-Psychological infliction (minor, adult).

19. Plaintiff disputes under Act 720 ILCS 130-1 ch.23.

20. For the purposes of this Act a dependent and neglected child shall mean any child who while under the age of 18 years, for any reason is destitute, homeless or abandoned; or dependent upon the public for support; or has not proper parental care or guardianship; or habitually begs or receives alms; or is found living in any house of ill fame or with any vicious or disreputable person; or has a home which by reason of neglect, cruelty or depravity on the part of its parents, guardian or any other person in whose care it may be is an unfit place for such child; and any child who while under the age of 10 years is found begging, peddling or selling any articles or singing or playing any musical instrument for gain upon the street or giving any public entertainments or accompanies or is used in aid of any person so doing.

21. Plaintiff disputes under Act720 ILCS 5/15-3) (from Ch. 38, par. 15-3)

Sec. 15-3. Permanent deprivation.

As used in this Part C, to "permanently deprive" means to:

(a) Defeat all recovery of the property by the owner; or

(b) Deprive the owner permanently of the beneficial use of the property; or

(c) Retain the property with intent to restore it to the owner only if the owner purchases or leases it back, or pays a reward or other compensation for its return; or

(d) Sell, give, pledge, or otherwise transfer any interest in the property or subject it to the claim of a person other than the owner.

(Source: Laws 1961, p. 1983.)

22. Plaintiff disputes under Act (720 ILCS 5/15-9) (from Ch. 38, par. 15-9)

Sec. 15-9. Value.

As used in this Part C, the "value" of property consisting of any commercial instrument or any written instrument representing or embodying rights concerning anything of value, labor, or services or otherwise of value to the owner shall be:

(a) The "market value" of such instrument if such instrument is negotiable and has a market value; and

(b) The "actual value" of such instrument if such instrument is not negotiable or is otherwise without a market value. For the purpose of establishing such "actual value", the interest of any owner or owners entitled to part or all of the property represented by such instrument, by reason of such instrument, may be shown, even if another "owner" may be named in the complaint, information or indictment.

(Source: Laws 1967, p. 2849.)

23. Plaintiff states through 2004: at the age of 15.

24. .Works of cataloged accords have been used by Defendants' company.

25. Defendant was notified by, demand letter of infringement and compensation towards a direct payment in 2012.

26. Defendants response went UN-done influencing Plaintiff pauper status.

27. Operating to an unfair working detriment causing hospitalization in 2005.

28. Plaintiffs attention toward negligent policy of Defendants company was realized in 2005-present dates correlating 2013

29. Plaintiff request investigation by review under (820 ILCS 205/17.1) (from Ch. 48, par. 31.17-1)

30. Sec. 17.1. Any party to a proceeding under the Act may apply for and obtain judicial review of an order of the Department of Labor entered under this Act in accordance with the provisions of the Administrative Review Law, as amended, and the Department in proceedings under this Section may obtain an order of court for the enforcement of its order.

31. Plaintiff ask for consideration of Defendant impeding financial bargaining by 820 ILCS 205/8.1) (from Ch. 48, par. 31.8-1)

32. Sec. 8.1. (a) Notwithstanding the provisions of this Act, minors under 16 years of age may be employed as models, or as performers on live or pre-recorded radio or television, or in motion pictures, or in other entertainment-related performances, subject to reasonable conditions to be imposed by rule of the Department of Labor. This Section shall not apply to employment covered under Section 8 of this Act.

33. Plaintiff brings Florida state law for consideration regarding assessment of minors working in Entertainment industry.

(1) General. Rule 61L-2.006, F.A.C., sets forth the work conditions determined necessary by the division to protect minor employees in the entertainment industry. The requirements in this rule are intended to ensure that minors are not employed under conditions that are injurious or detrimental to their health, safety or education.

(6) Sanctions. In addition to the sanctions set out in Sections 450.141 and 450.151, F.S., any violation of the Child Labor Law or these rules shall be grounds for assessing civil money penalties pursuant to Section 450.141, F.S., or for denying, suspending, or revoking any Permit to Hire or Partial Waiver pursuant to Sections 450.095 and 450.132, F.S.

34. Plaintiff alleges a policy discrimination that lacked efforts to bargain with an unrepresented minor.

35. Case relevance National relations board v. Waterman steamship Corp.309 U.S 206, 60 s.ct 493, 84 L. Ed.704 (1940)

36. Toward unfair labor practices and labor efforts regarding off hours compensation pursuant to unsolicited employment.

37. Case relevance^ Tasini v. AOL, Inc., 11 Civ. 2472

38. Stands for the proposition that plaintiffs who are unsure of whether they will be compensated if their services are not used may, still sue if the services they render do ultimately benefit a defendant who then denies compensation.

39. Case relevance ^News World Commc'ns vs Thompsen(878 A.2d 1218, 1224-25(D.C.2005)
40. Toward defendant obviously would not unjustly enrich if, it refused to pay for the unsolicited material that it never used.
41. Judge found violations of New York General Business Law section 349
42. NY Code – Section 349: Deceptive acts and practices unlawful
(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

43. **Count 2** Civil Wrong_Negligence`Labor exploitation.
44. Plaintiff disputes under Duffy Bill sec.62 (b).William Francis Dufty
45.* With writer of own initiative and no relation to employer.
46. Plaintiff states through 2004 until present date works provided; used by Defendants' artists.
47. Any one sided personal property assignment without contract is deemed unconstitutional.
48. Irresponsible nature from job descriptions and Defendants' disregard of demand letters.
49. Copulating financial detriment for, Plaintiff.
50. Plaintiff disputes under Title 17 U.S.C section 201_Ownership of a copyright
.A) vests in authors & co authors
.C) without transfer of rights, owner is presumed to have privilege not ownership
D) Rights owned separately; prosecuted to all extent with all protection and remedies accorded to the copyright owner by this Title.
E) Involuntary Transfer
51.) Plaintiff sites private companies own investigation; correlating a fair use
*The Global Songwriter Shell Game
David M Ross | 03/02/2012
Editor's Note: Jeff Price was in Nashville last week telling his story and promoting TuneCore, the music & video distribution company he founded. He was interviewed by Harry Chapman at Belmont University and also conducted an evening event for publishers and writers. The editorial below is written by Price and has been edited to fit the space. There is a link at the bottom for those wishing to read the complete article which resides on the TuneCore blog.
Why the major music companies are getting your royalties
By Jeff Price, Founder/CEO TuneCore
In the past five years, hundreds of millions of dollars of songwriter royalties have been generated and never paid to the songwriter, or have been given to Warner Bros., EMI, Universal, Sony and others based on their market share.
While the major music companies' revenue from music sales has gone down, they have a brand new increasing income stream: revenue generated from the sale of other people's music. Over the last five years, estimates put this new income at over half a billion dollars. Once these companies get the money, they keep it and don't account to anyone.
All the while, the songwriters that earned this money have no clue their royalties are not being paid, and their rights are being violated.
I discovered this infringement and lack of royalty payments while embarking on a journey to discover how much money TuneCore Artists earned as songwriters. In the past three years, TuneCore Artists have sold over 500 million songs and earned over a quarter billion dollars from the sale of the recordings

of their songs. With the help of Jamie Purpora, the former SVP Bug Music Publishing Administration and now President TuneCore Songwriter Publishing Administration, we identified another $60 to $70 million earned by these artists in songwriter royalties. The upsetting (maddening?) part was that over 70% of this money never made it back to them. And keep in mind, I'm only talking about artists that use TuneCore—there are many more.

This infringement and lack of payment is one of the biggest outrages of the music industry and yet it is rarely talked about and even more rarely understood. It needs to stop.

© 2013 Secrets Of The List. All rights reserved. Premium WordPress Themes.

52. Case relevance^ Mai v. Peak, 991.F2d 51(9th Cir.1993)

Extending to work being placed as data on a computer Rom; subjects an infringement.

53. Plaintiff relaying a fixed method of communication; that can be either later developed, perceived, reproduced either directly or with an aid of device.

54. Title 17 United States code section 101-towards volatility of case study

55. **Count-3** Intellectual Property Law Violation.

56. Plaintiff disputes under Title 17 U.S.C 102.

57.* All original works of authorship fixed in any tangible medium of expression are automatically granted copyright protection. Increased term of protection under section 302 to a term of life of the author in addition to, fifty years after the author's death. Eliminated the need for registration. Works after 1923 copyright are not for public domain use.

58. Plaintiff states law implemented static seventy five year protection from date of publication for, anonymous or pseudonymous works and works made for hire. Law was for the promotion of progress of copyright owners to, create these works. Also, realize as real property. Provide mutual benefit from Intellectual property.

59. Plaintiff disputes under720 ILCS 5/15-1) (from Ch. 38, par. 15-1)

Sec. 15-1. Property. As used in this Part C, "property" means anything of value. Property includes real estate, money, commercial instruments, admission or transportation tickets, written instruments representing or embodying rights concerning anything of value, labor, or services, or otherwise of value to the owner; things growing on, affixed to, or found on land, or part of or affixed to any building; electricity, gas and water; telecommunications services; birds, animals and fish, which ordinarily are kept in a state of confinement; food and drink; samples, cultures, microorganisms, specimens, records, recordings, documents, blueprints, drawings, maps, and whole or partial copies, descriptions, photographs, computer programs or data, prototypes or models thereof, or any other articles, materials, devices, substances and whole or partial copies, descriptions, photographs, prototypes, or models thereof which constitute, represent, evidence, reflect or record a secret scientific, technical, merchandising, production or management information, design, process, procedure, formula, invention, or improvement.

(Source: P.A. 88-75.)

60. Plaintiff re-states musical sheet music was provided toward Defendants artists with, Plaintiffs regard for joint work.

61. Plaintiffs states in works provided to Defendant _ compilations were coordinated by the joint work process; that lacked any Bilateral or unilateral contract.

62. Plaintiff references earlier case study `Case relevance^ Tasini v. AOL, Inc., 11 Civ. 2472.

63. Stands for the proposition that plaintiffs who are unsure of whether they will be compensated if their services are not used may, still sue if the services they render do ultimately benefit a defendant who then denies compensation.

64. Plaintiff states permission for transfer of copyright impedes a license.

65. Relaying that any joint authors collaboration agreement was null or oral agreement

66. Plaintiff having no relationship to Defendant or Artists; caused a failing to a fiduciary contingency on some of the Defendants parties.

67. Plaintiff states joint authors share ownership of all exclusive rights.

68. Plaintiff states with age of consent by efforts of works provided.

69. Plaintiff states copyright law protects drafts and completed works and provides moral rights.

70. Defendant had exploited attribution without attribution of Plaintiff being a freelance writer.

71. Subsequently aiding the Defendants enrichment and gain.

72. In the process of Defendants artists progress with said orphan works.

73. Publication, Marketing and redistribution commenced.

74. Plaintiff was never contacted acknowledging service approval.

75. Defendant infringed on personal property torts and held plaintiff incapable of collecting direct payment.

76. **Count-4** Deceit Operating to a detriment 'Misappropriation.

77. Plaintiff disputes under The Berne Convention Implementation.

78.* Recognized copyright ownership to its own nationals.

79. Plaintiff iterates deceit under this market appeal held towards one hundred years of the certain markets detriment + seventy five years with lack of morality toward Intellectual property and Universal Rights.

80. Plaintiff states copyright infringement was a process of Defendant falsely changing ownership to other persons.

81. Plaintiff re-states not adhering to said acts, laws or business policy.

82. Plaintiff states it has been a widespread practice for publishers to do copying themselves, or allow others to do so without permission from freelancer or paying them "The United States supreme court ruled this practice illegal.

83. **Count-5** Exploitation

84. Plaintiff disputes under Visual Artists Rights Act (no.101-650:104 stat 5089 sec.602).

85. *Print existing in a single copy. Limited editions deemed protected.

86. Plaintiff re-states catalog of original sheet music accords were provided.

87. Defendants use of these protected files, written documents without just labor practices and recognition deems exploitation.

88. Case relevance^ New York Times Co. V. Tasini (Judge revealed ~ Approved copyright privileges to freelance writers, originally published works weren't permissible without explicit permission or compensation). Violations under New York Business Law section 349

89. **Count-6** Exploitation.
90. Plaintiff disputes under Berne convention Implementation.
91. *Copyright formalities were done away with recognizing copyright of its own nationals. Requires its signatories to recognize the copyright of authors, it's prohibited to require formal registration.
92. Plaintiff states copyright infringement constitutes adapting another's work in a medium for use in another medium; not excluding outright plagiarism of original copyrighted work for adaptations.
93. Plaintiff re-states with included detail of an Informal note/Demand letter.
94. Plaintiff incurred by a compensation note. That was delivered to said Defendant notifying copyright infringement and lack of equity policy for, freelance works.
95. Plaintiff states with a 2 year period of no responses from the following addresses
A. Rush communications INC 512 seventh avenue suit 43-45 New York, NY 10018
B. Creative Artists Agency 2000 avenue of the stars Los Angeles, CA 90067
C. Def Jam Recordings 825 eighth avenue 28th floor New York, NY 10019
D. 89 Bradhurst avenue, New York, NY 10039


96. **Count-7** Negligence Misappropriation.
97. Plaintiff disputes under 3 judiciary statues.
98. (815 ILCS 505/2) (from Ch. 121 1/2, par. 262) Sec. 2.
Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act.
99. 15 U.S.C 45 Federal Trade Commission Act
(a) Declaration of unlawfulness; power to prohibit unfair practices; inapplicability to foreign trade
(1) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful.
100. Plaintiff refers Title 17 United States code section 106 (A) - Copyrights of authors continue after the sale of works.
101. Berne Convention Implementation.
102. Plaintiff states peer to peer manuscripts appraisals don't merit (C) * morally fixating a fiduciary bond/duty
103. Plaintiff re-states not having a relationship with Defendants artists but contact had been established but, with no mutual connection on Defendants artists behalf.
104. Plaintiff re-states Defendant with a relation to a coercive monopoly, has been selling works toward plaintiffs' irreparable damage.
105. Plaintiff re-states works weren't ever in public domain deeming them protected.
106. Defendants corporate policy neglected personal, business and human rights statues.

107. **Count-8** Negligence _Misappropriation.
108. Plaintiff complains of unfair competition practices.
109. Aforementioned in Count 7_disputing under all of the above just statures.
110. Defendant has been publishing works towards individual financial gain.
111. Plaintiff original copyright holder; irreparable damage.
112 Plantiff states that an original author may exclude others from reproduction of their work, preparing derivative works, distributing copies to the public, performing, displaying, giving license, transferring copyright.
113. Defendant is practicing unfair competition and said labor exploitations.
114. Plaintiff states Defendants deferral of a joint compensation policy from said allegations.
115. Provided further detriment of personal injury.
116. Case relevance^ (Cook v. Wright~1861/1B +5.559 (relevance to joint works): Judge revealed, (plaintiffs believed honestly "D" was under statutory obligation to reimburse them for, expenditure which they had incurred."D" denying that he was under such litigation; agreed to a reduced amount to avoid litigation."D" reneged on his promise, and argued it was not supported by consideration. The court held his promise as Consideration and he had to pay the amount owed.-Ratio of discretion; Judgment influenced: A promise to give up a claim that you have a reasonable belief in and is valid and non-frivolous is good consideration for a contract; poising a position of both parties to be altered for compromise.
117. EVIDENCE-(Ehow.com_Report-Record label CEO' to provide improving financial communication, dealing with illegal copying issues and execute companywide policy.

118. **Count-9** Labor Exploitation _Non-Compete Agreement.
119. Plaintiff disputes under MP.EP 2106, 01C 2.
120. *Without merit of process works are not legitimate or law binding.
121. Plaintiff states open mediums that were digitally& (Hand written) _ forwarded to Defendants' artists were not replied too.
122. Plaintiff states Legal transfer of rights must be in writing and all owners must sign.
123. Plaintiff states the Defendant being a third party. Gaining access of copyrighted accords, deferred the process of negotiating a license with original owner towards joint works it published.
124. Plaintiff understands a separate license of acquisition by the Defendant. In using a hiring party that was exclusive to some of the defendants artists in the scope of being a conventional employee were used.
125. Plaintiff states this being done by Defendant granted original copyright protection to initial author & joint author.
126. Defendant wasn't a part of the joint works process until plaintiffs completed works could be obtained. Giving the Defendant access to accords by way of privilege but not ownership.
127. Allowing for unconscionable advantage of Defendants' Co.
128. Plaintiff defers to Defendants' artists use of joint works.
129. Negligent acts for freelance writers rights.

130. EVIDENCE-About.com/musicians Arrangers job overview section explains; they rewrite a piece of existing music with new additional material or flesh out existing idea. They work from word of mouth or from contacts in the music industry. Having some become composers.

131. **Count-10** Civil Wrong Misappropriation
132. Plaintiff disputes under Universal Declaration of Human Rights; article 17(2).
133. No one shall arbitrarily be deprived of his property.
134. Plaintiff states with protection under Berne Convention Implementation.
135. The constructive property transfer wasn't physically involving Plaintiff but, limitations of social status helped Dependent provide an operate detriment.

136. **Count-11** Labor Exploitation.
137. Plaintiff disputes under Universal Declaration of Human Rights; article 19.
138. *Everyone has the right to freedom of opinion and expression; This right includes freedom to hold opinions without interference and to seek, receive, impart information and ideas through any media regardless of frontiers.
139. Plaintiff states delivered accords used by said Defendant.
140. Plaintiff refers to the first scale doctrine of the Copyright Act section 109: ownership of a physical copy of a copyrighted protected work permits lending, reselling, disposing of the item but does not permit reproducing the material, publicly displaying or performing it. The transfer of the physical copy does not include transfer of the copyright rights to the work.
141. Plaintiff catalogs have been own incentive.
142. Defendants' re-stated negligent privacy policy lacked due diligence of moral assistance with a freelance minor and legal adult.
143. Plaintiff applying with subpoena deuces for hard copy of original accounts&collaborating testimonial from, such Defendants (artists) with respect to corresponding hearing date

144. **Count-12**_Labor Exploitation.
145. Plaintiff disputes under Universal Declaration of Human rights; article 23(1).
146. Everyone has the right to work, free choice of employment to, just and favorable conditions of work and to protection of unemployment.
147. Plaintiff states copyrights protecting orphan works, catalog accords with; where the name of the owner is known (stated in demand letters, emails, freelance handwritten accords) if no other information was found or established.
148. Protection from abuse and exploitation is lawfully permissive by Copyright laws.
149. Works can't be used by musicians, broadcasters from the form of contemporary works; i.e./Literature.
150. Defendant lacked a conviction to implore or compensate said Plaintiff.
151. Plaintiff delivered demand letter with a statement of retro-spec employment and pay scale.
152. Deferring to Defendants process for adding to an indigent person.

153. **Count-13** Labor Exploitation.
154. Plaintiff disputes under Universal Declaration of Human Rights; article 23(2).
155. *Everyone without any discrimination has the right to equal pay for equal work.
156. Plaintiff states tangible objects that were used in the production of other goods.
157. During said provided service by plaintiff in good faith of compensation and wage and individual incentive toward labor.
158. Plaintiff states works were provided as a supplemental means of income.
159. Substitute owners sold the rights without original owners permission of the registry transfer.
160. Defendant did not uphold joint works unsolicited policy.
161. Which Defendant became exploiter of service.
162. EVIDENCE-Wikipedia" Dispute over orphan works/Expert testimonial print from Neil Netanel argues copyright owners have no incentive to maintain work in circulation or make an out of-print content available unless they can hope to earn more money by producing new works or engaging in more lucrative activities.

163. **Count-14** Civil Wrong Negligence
164. Plaintiff disputes under Universal Declaration of Human Rights article 27(2).
165. *Everyone has the right to protection of the moral and material interest resulting from any scientific, literary or artistic production of which he is the author.
166. Plaintiff re-states copyright protections of original tangible works were, infringed by Defendant.
167. Plaintiff collaborates accord of labor exploitation from legal minor status as well of legal adulthood for, operating to a detriment.
168. Defendant continues to, use cataloged files and written accords supplied by Plaintiff; for publication.
169. Defendant lacked A and R*artists and repertoire* reporting accurate copyright credit detail.
170. Further engaging in copyist copyright infringement.
171. EVIDENCE- Natural Rights argument from _John Locke idea that a person has natural rights over the labor, products which is produced by his/her body. Relevant Science argument from John Stuart Mill idea that institutions not race explain a poverty scenario.
United States Constitution: 1st and 14th Amendment.
Ehow.com_report A and R*artists and repertoire* executive; seeks talent, auditions demos solicited and unsolicited according to company policy.)
Muiscbizacademy.com A and R*artists and repertoire* executive searches for new songs for, existing talent on the record label.)
Music-jobs.com A and R*artists and repertoire* supports artists ambitions with, the right writers.

172. **Count-15** Civil Procedure (Public Privacy Law).
173. Plaintiff asks court with respect under the Universal Declaration of Human Rights; article 29(2).
174. In the exercise of his rights and freedoms, everyone shall be subject to such limitations as are determined by law. Solely for the securing due recognition and respect for the rights and freedoms of

the others and of meeting the just requirements of morality and public order, and general welfare in a democratic society.

175. Plaintiff calls for names of Defendants' artists to be withheld from public accounts.

176. Plaintiff re-establishes the negligence of the Defendants' disregard towards Plaintiff individual general welfare in a democratic society, and due financial recognition.

**Wherefore, the Plaintiff respectfully requests relief as follows;**

177. Damages; Remuneration lost income-unlimited civil case
as reported by the U.S labor bureau for music composers in the entertainment industry
Percentile 10% 25% 50% (Median) 75% 90%
Hourly Wage $10.31 $16.85 $22.77 $30.26 $41.40
Annual Wage (2) $21,450 $35,050 $47,350 $62,950 $86,110

178. Remuneration lost income_ with Restitution-Compensation from general emotional distress psychological infliction; Review for Special and General monetary damages 'not excluding contempt infringed accords:
as reported by the U.S labor bureau for music composers in the entertainment industry
Percentile 10% 25% 50% (Median) 75% 90%
Hourly Wage $10.31 $16.85 $ 22.77 $30.26 $41.40
Annual Wage (2) $21,450 $35,050 $47,350 $62,950 $86,110

179. Trover with Restitution compensatory; Punitive
180. Total final complaint amount $100,000,000.00
181. Plaintiff brings for acknowledgment Civil Enhancements_S.3325 the Enforcement of Intellectual property law.
182. Enhance remedies for violations of Intellectual property law and other purposes.

**Wherefore, the Plaintiff respectfully requests demand of jury**