**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HAASAN HIJRAHANNAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14-cv-00872 |
| v. ) | |
| ) | Honorable Amy J. St. Eve |
| DEF JAM RECORDINGS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant UMG Recordings, Inc. (erroneously sued as Def Jam Recordings) ("Def Jam")[1], by its attorneys, Tabet DiVito & Rothstein LLC, respectfully moves this Court to dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and states as follows:

**INTRODUCTION**

1. Plaintiff Haasan Hijrahanna ("Plaintiff") is a serial *pro se* litigant who seeks over one hundred million dollars in damages from Def Jam based upon alleged violations of various state and federal laws (including one Illinois statute that was repealed), international treaties, and a nonbinding resolution of the General Assembly of the United Nations. The complaint consists primarily of incomprehensible legal conclusions with no supporting factual allegations and should be dismissed. (A true and correct copy of the Complaint is attached hereto as Exhibit A.)

2. Although difficult to follow, Plaintiff seems to allege that:

   a. At unknown time(s) between 2004 and 2013, Plaintiff somehow "provided" unspecified "sheet music" to unidentified "artists." (Compl. at ¶¶ 7-11, 60, 86.)

---

[1] The Complaint identifies the company "Def Jam Recordings" as the defendant in this matter. Def Jam Recordings is a business name and unincorporated division of UMG Recordings, Inc.

   b. Neither Def Jam nor its artists responded in any way to Plaintiff's submissions and did not enter into any contract(s) with Plaintiff. (*Id.* at ¶¶ 61, 95, 121.)

   c. Plaintiff has "no relationship" with Def Jam or its artists. (*Id.* at ¶¶ 66, 103.)

   d. Since 2004, Plaintiff's unspecified "works" have been "used by Defendants [unidentified] artists." (*Id.* at ¶¶ 46, 87.)

  3. Plaintiff does not allege that he is the owner of a registered copyright. Plaintiff also does not allege what "sheet music" was allegedly used, when it was allegedly used, how it was allegedly used, which artists allegedly used it, what songs or compositions allegedly used it, or when Plaintiff first became aware of its alleged use.

  4. Even when liberally construed in favor of Plaintiff, the Complaint fails to satisfy basic notice-pleading standards, fails to allege plausible claims, fails to allege other required elements, and attempts to assert claims that lack any legal basis. Accordingly, the Complaint should be dismissed with prejudice.

## ARGUMENT

### I. THE COMPLAINT FAILS TO SATISFY BASIC NOTICE PLEADING STANDARDS AND DOES NOT ALLEGE PLAUSIBLE CLAIMS.

  5. A motion under Rule 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

  6. Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* A court should dismiss a

complaint under Rule 12(b)(6) that fails to allege well-pleaded facts showing that its claims are "plausible" on their face. *Id.* at 570. To be plausible on its face, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

7. Complaints are not required to contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (quotation marks and alteration omitted). Legal conclusions must be supported by factual allegations, and pleadings that merely contain conclusory allegations are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 678-80.

8. Although courts construe *pro se* allegations liberally, "a plaintiff's *pro se* status does not absolve him from complying with federal and local procedural rules." *Thompson v. Village of Monee*, No. 12 C 5020, 2013 U.S. Dist. LEXIS 92428, *11 (N.D. Ill. Jul. 1, 2013) (St. Eve, J.); *see also Rosado v. Chicago Transit Authority*, Case No. 13 C 5594, 2014 U.S. Dist. LEXIS 7447, *5 (N.D. Ill. Jan. 22, 2014) (St. Eve, J.) (*pro se* plaintiff "did not provide sufficient factual matter" to put the defendant on notice of his claims because he did not identify the specific individuals or conduct upon which he based those claims).

9. Here, Plaintiff's Complaint suffers from a lack of factual specificity, and Plaintiff's conclusory allegations do not provide Def Jam with "fair notice" of Plaintiff's claims or the grounds upon which those claims rest. For instance, Plaintiff does not attach or otherwise identify any sheet music that he purports to have sent to Def Jam or its artists. Plaintiff also does not allege when he sent the sheet music or to whom it was sent. Nor does Plaintiff allege how, when, where, or in what format Def Jam (or its unidentified artists) purportedly used that sheet music, or when Plaintiff first learned of its alleged use.

3

10. Moreover, Plaintiff attempts to allege numerous claims simply by quoting language from statutes, without identifying the persons who allegedly engaged in misconduct or specific conduct by Def Jam that would result in any statutory violations. (*See, e.g.,* Compl. at ¶¶ 96-106.) Accordingly, Def Jam cannot reasonably discern Plaintiff's claims against it or the bases for his claims.

11. In addition, Plaintiff's claims are not facially plausible. For instance, Plaintiff admits that he has "no relationship" with Def Jam or its artists (*id.* at ¶¶ 66, 103), that Plaintiff did not enter into any contract with Def Jam or its artists (*id.* at ¶ 61), and that neither Def Jam nor its artists responded in any way to Plaintiff's submissions (*id.* at ¶¶ 95, 121). Plaintiff also does not allege that he holds any registered copyrights (a prerequisite to filing a copyright infringement claim), does not identify any work that he claims to have been infringed, and does not identify a single artist, song, or composition that used his work.

12. Because the Complaint fails to satisfy basic notice pleading requirements and fails to allege plausible claims, Def Jam respectfully requests that the Court dismiss the Complaint with prejudice in its entirety.

**II.     THE COMPLAINT SUFFERS FROM OTHER FATAL DEFECTS.**

13. Plaintiff's Complaint suffers from other fatal pleading defects that independently warrant dismissal with prejudice.

14. In Count I, Plaintiff improperly attempts to assert a claim under the Illinois Neglected Children Offense Act, 720 ILCS 130, *et seq.* (*See* Compl. at ¶ 19.) However, that statute was repealed in 2013. (*See* IL Public Act 97-1109.)

15. In Counts II and III, Plaintiff attempts to allege copyright infringement claims. (*See* Compl. at ¶¶ 55-75.) However, Plaintiff does not allege that he registered any of the works

he claims to have submitted to Def Jam, a prerequisite for bringing a civil infringement action. *See* 17 U.S.C. § 411(a); *Brooks-Ngwenya v. Indianapolis Pub. Schs.*, 564 F.3d 804, 806 (7th Cir. 2009). Nor does Plaintiff identify any allegedly infringing works.

16. In Counts X through XV, Plaintiff attempts to plead claims based upon the Universal Declaration of Human Rights. (*See Compl.* at ¶¶ 131-176.) However, the Universal Declaration of Human Rights offers no private right of action. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) (stating that the Universal Declaration of Human Rights "does not of its own force impose obligations as a matter of international law."); *see also Setharatsomphou v. Ashcroft*, 98 C 7076, 2003 U.S. Dist. LEXIS 10211, *7 (N.D. Ill. June 3, 2003) (the Universal Declaration of Human Rights is a nonbinding resolution of the General Assembly of the United Nations); *Ramirez v. Godinez*, No. 13-cv-3362, 2013 U.S. Dist. LEXIS, *3 (C.D. Ill. Nov. 1, 2013).

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, defendant UMG Recordings, Inc. respectfully requests that the Court dismiss the Complaint with prejudice in its entirety.

Dated: June 9, 2014

Respectfully submitted,

UMG RECORDINGS, INC.

By: /s/ Timothy A. Hudson
One of Its Attorneys

Timothy A. Hudson
Mili R. Smith
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle Street, 7th Floor
Chicago, IL 60604
Telephone: (312) 762-9450
thudson@tdrlawfirm.com
msmith@tdrlawfirm.com

5