IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HASSAN HIJRAHANNAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 14 C 0872 |
| v. | ) |
| | ) Judge Amy St. Eve |
| | ) |
| DEF JAM RECORDINGS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The Court grants in part Defendant's motion to dismiss pro se Plaintiff's copyright claims with prejudice [16], declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and dismisses this lawsuit in its entirety. All pending dates and deadlines are stricken. Civil case terminated.

## STATEMENT

On February 7, 2014, pro se Plaintiff Hassan Hijrahannah filed the present fourteen-count Complaint alleging copyright infringement claims in violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.,* including a Visual Artists Rights Act ("VARA") claim, and state law claims pursuant to the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). Before the Court is Defendant's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendant's motion to dismiss Plaintiff's copyright claims with prejudice. The Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses those claims without prejudice.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the

sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters Local Union No. 705 v. Burlington No. Santa Fe, LLC,* 741 F.3d 819, 823 (7th Cir. 2014).

## BACKGROUND

Construing pro se Plaintiff's Complaint liberally, *see Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014), he alleges that between 2004 and 2013 he provided sheet music to various artists. (R. 1, Compl. ¶¶ 7-10, 60, 86.) According to Plaintiff, he did not receive any responses from these artists. (*Id.* ¶¶ 95, 121.) Plaintiff further alleges that he has no relationship with Defendant or its artists. (*Id.* ¶¶ 66, 103.) Yet, Plaintiff maintains that Defendant and its artists have used his works. (*Id.* ¶¶ 46, 87.) Based on these and other allegations, Plaintiff brings numerous copyright infringement claims, a claim under the Visual Artists Rights Act, and state law claims, including claims under Illinois, Florida, and New York law. Further, Plaintiff attempts to base some of his claims on the Universal Declaration of Human Rights.

### I.     Copyright Infringement Act Claims

To establish his copyright infringement claims, Plaintiff must show "(1) ownership of a valid copyright; and (2) unauthorized copying of constituent elements of the work that are original." *Hobbs v. John,* 722 F.3d 1089, 1094 (7th Cir.2013) (citation omitted). "Because defendants rarely admit to copying the works of others," *see id.*, "a plaintiff may prove copying by showing that the defendant had the opportunity to copy the original (often called 'access') and that the two works are 'substantially similar,' thus permitting an inference that the defendant actually did copy the original." *Peters v. West,* 692 F.3d 629, 633 (7th Cir. 2012).

Here, Plaintiff has failed to alleged that he owns valid copyrights to his works and a search on the United States Copyright Office's Registered Works Database reveals that Plaintiff Haasan Hijrahannah does not have any registered works. Because Plaintiff does not have ownership of any valid copyrights, he cannot bring his copyright infringement claims. The Court therefore grants Defendant's motion to dismiss Plaintiff's copyright claims with prejudice.

### II.    Visual Artists Rights Act

Plaintiff also brings claims based on the Visual Artists Rights Act ("VARA"). As the United States Supreme Court teaches, "[t]he Visual Artists Rights Act of 1990, § 603(a), 104 Stat. 5128, provides that the author of an artistic work 'shall have the right ... to claim authorship of that work.'" *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 34, 123 S.Ct. 2041 (2003) (quoting 17 U.S.C. § 106A(a)(1)(A)). "VARA amended the Copyright Act for certain types of visual art — paintings, drawings, prints, sculptures, and exhibition photographs." *Kelley v. Chicago Park Dist.*, 635 F.3d 290, 291-92 (7th Cir. 2011). As the Seventh Circuit further explains, "Congress enacted this statute to comply with the nation's obligations under the Berne Convention for the Protection of Literary and Artistic Works." *Id.*

In short, Plaintiff's claims based on the VARA and the Berne Convention must fail because he alleges that he has copyright protection in music, not in visual arts such as painting, drawing, or photographs. *See Dastar Corp.* 539 U.S. at 34-35; *Kelly*, 635 F.3d at 291.

### III.    Universal Declaration of Human Rights

Plaintiff also bases many of his claims on the Universal Declaration of Human Rights, which "is a statement of principles and not a treaty or international agreement imposing legal obligations." *See Ruhaak v. C.I.R.* 422 Fed.Appx. 530, 532, 2011 WL 1936132, at *1 (7th Cir. May 20, 2011). In other words, the Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action, and thus Plaintiff cannot bring claims under this declaration. *See Konar v. Illinois*, 327 Fed.Appx. 638, 640, 2009 WL 1344806, at *1 (7th Cir. May 14, 2009).

### IV.    State Law Claims

Plaintiff's remaining claims are based on state law. Because the Court is dismissing, with prejudice, Plaintiff's claims over which the Court has original jurisdiction, namely, his copyright and VARA claims, the Court, in its discretion, declines to exercise supplemental jurisdiction over his remaining state law claims. *See* 28 U.S.C. § 1367(c).

As the Seventh Circuit teaches, "[t]he supplemental-jurisdiction statute provides that the district court 'may decline to exercise supplemental jurisdiction' over state-law claims if the court 'has dismissed all claims over which it has original jurisdiction.'" *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.,* 672 F.3d 476, 479 (7th Cir. 2012) (quoting 28 U.S.C. § 1367(c)(3)); *see also Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 941 (7th Cir. 2012) ("Generally, when a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits."). Although the decision to relinquish supplemental jurisdiction is within the district court's broad discretion, "[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co.,* 672 F.3d at 479 (quoting *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.,* 599 F.3d 720, 727 (7th Cir. 2010)).

Because the Court declines to exercise supplemental jurisdiction over pro se Plaintiff's state law claims, the Court dismisses these claims without prejudice.

**Dated:** July 21, 2014

_____
**AMY J. ST. EVE**
**United States District Court Judge**